RAMÓN A. RIVERA RIVERA, ETC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. O-71-164. Decided April 28, 1972.

*Leoncio Carrasquillo Suárez* and *José R. Calderón Sánchez* for the Manager of the State Insurance Fund. Respondent did not appear.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

We agreed to review the decision of the Industrial Commission, because in the petition filed by the Manager of the State Insurance Fund, it was assigned as error that the Industrial Commission had reversed the decision of the Manager of the Fund "without having elements of judgment which would allow it to make such determination in open violation of its decision issued unanimously . . . ." The original record does not support the allegation of the Manager. Let us see what appears from the same.

On August 26, 1970, the Industrial Commission issued a decision where it states:

"In the instant case, this Organism held a public hearing on May 5, 1970, where the parties were to submit the necessary evidence in order to decide the case.

"The evidence presented by the parties in the public hearing held in the case having been examined, sufficient elements of judgment do not appear from the same which would allow us to make a thorough analysis of the case in order to reach a final determination of the same.

"In order to do substantial justice between the parties it is proper to set the case for continuance of the public hearing with a view to obtaining additional elements of judgment which would allow us to decide this case definitively.

"In view of the foregoing, the Industrial Commission DECIDES to proceed to set a public hearing for the aforementioned purposes and, consequently, it ORDERS the Office of the Clerk to set the case as soon as possible to continue the public hearing on compensability and causal connection."

The worker in the instant case worked at the Río Piedras Medical Center. She suffered from a gastric ulcer. In the medical report appearing in the documents of the State Insurance Fund, there is a note which reads "not related, but

aggravated." It is dated May 5, 1969. The Manager, nevertheless, denied compensation on the grounds that the condition she presents "has no relation with her allegations," despite the fact that as we pointed out the report states: "not related, but aggravated."

At the public hearing held on May 5, 1970, to which the order of the Industrial Commission copied above makes reference, Dr. Américo Miranda, physician of the Fund, testified according to a summary appearing in the record "that the heap of work which the injured had was of an emotional type, that she was under stress and she had to run after the doctors, who demanded efficiency in her tasks taking care of patients, that is what he reported when he saw the injured as internist of the State Insurance Fund; that he is surprised that his opinion has not been taken into consideration . . . that at the present time it is aggravated by the situation of the moment; that he diagnosed a peptic ulcer not related but aggravated by the circumstances of the work; that the ulcer which the worker has is not a hypersecretory ulcer, but that it was aggravated . . . ."

The decision which we are reviewing sets forth:

"Dr. Miranda testified that in this case he made a diagnosis that was not taken into consideration when the decision of the Manager was issued; that evidently that is an administrative decision and it was not based on medical examinations.

"In regard to whether or not there were other medical examinations in order to issue the final decision, the counsel for the Manager indicated that he understands that there was no other medical report, but that it is a question of law that no labor accident had occurred. ms/June 24, 1970."

From the foregoing it is evident that in the hearing of May 5, 1970, the worker presented evidence which she thought proved her case and that the counsel for the Fund did not present any expert whatsoever to rebut Doctor Miranda, who is actually the physician of the Fund. Evidently, as a

result of this situation the Commission issued the decision which we copied at the beginning for the purpose of giving the Fund the opportunity to rebut Doctor Miranda's testimony. But in the hearing held on January 16, 1971, the counsel for the Manager informed that it was not prepared. Counsel for the injured submitted the case on the evidence presented on May 5, 1970, to which we have already referred. Another opportunity to present evidence was then given to the Manager, but at the hearing set for that purpose he insisted on the fact that first of all they had to decide whether there had been a labor "accident."[1]

■ The Commission, relying on the uncontroverted testimony of Doctor Miranda, reversed the decision of the Manager. This decision is correct. We have held that if the worker is suffering from a disease and the duties of the employment aggravate or accelerate it, that person is entitled to the protection given by the Workmen's Accident Compensation Act. In *Fernández* v. *Industrial Commission*, 85 P.R.R. 284 (1962), we established at p. 286 that "It should be made clear that a pre-existing disease contracted or produced by causes alien to the employment does not necessarily preclude compensation for disability or death resulting from said disease." And at pp. 287, 288, we said: "It will suffice to say that locally the mission of administrative bodies, in the first instance and of this Court, does not consist in determining the etiological origin of the disease; rather, it should be limited to determining the existence of a causal relation between the work done and the final result—disability or death—that is, whether the work contributed to the results, through aggravation, acceleration or precipitation of the disease."

---

[1] In *Fernández* v. *Industrial Commission*, 85 P.R.R. 284 (1962), we explained what is understood by an "accident" for the purposes of the Workmen's Accident Compensation Act.

In order to support the foregoing, we cite the following from 1 Larson's *Workmen's Compensation Law*, § 12.20 (1968):

"Preexisting disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability from which compensation is sought."

Since counsel for the Manager of the State Insurance Fund did not present evidence to controvert Doctor Miranda's testimony to the effect that the work performed by the worker aggravated her disease, the Commission could not issue any other decision than the one it issued.

The decision object of this review will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.